IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEXIS WARREN AND JAMES KELLY | * |
|  | *   CIVIL ACTION |
| Plaintiffs | * |
|  | *    NO. |
| VERSUS | * |
|  | *   SECTION: |
| ROSSTRANS AND SERVICES, LLC d/b/a | * |
| ILC LOGISTICS, GARY BRAIN, AND | *   JUDGE: |
| BERKSHIRE HATHAWAY HOMESTATE | * |
| INSURANCE COMPANY | *   MAGISTRATE: |
|  | * |
| Defendants | * |

*****************************************************************************

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs, ALEXIS WARREN and JAMES KELLY, all persons of the full age of majority and residents of and domiciled in the Parish of Orleans, State of Louisiana, who respectfully submit the following Complaint:

## INTRODUCTION

1.

This cause of action arises out of a motor vehicle collision that occurred on or about August 13, 2017, in the Parish of Orleans, State of Louisiana.

## THE DEFENDANTS

2.

Made Defendants herein are:

A.  GARY BRAIN ("Defendant Brain") a person of the full age of the majority and resident of and domiciled in the County of Wayne, State of Michigan;

10

B.  ROSSTRANS AND SERVICES, LLC, D/B/A ILC LOGISTICS, (hereinafter, "ILC"), a foreign limited liability company upon information and belief, is comprised of a sole member, Ivan Slobodyan, who is a citizen of the State of Michigan, who upon information and belief was at all times relevant herein the owner of the vehicle that caused the August 13, 2017, motor vehicle collision at issue and the entity that employed Defendant Brain while he was driving in the course and scope of his employment at the time of the August 13, 2017, motor vehicle collision;

C.  BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY, (hereinafter "Berkshire"), a foreign insurance company authorized to do and doing business in the State of Louisiana, incorporated in a State other than the State of Louisiana and having its principal place of business in a State other than the State of Louisiana, who upon information and belief was at all times relevant hereto the insurer of the vehicle driven by Defendant Brain and owned by ILC.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this proceeding pursuant to 28 USC § 1332 due to the complete diversity of the parties, and that the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and cost.

4.

Venue is proper in this Court pursuant to 28 USC § 1391(b)(2) as the district in which a substantial part of the events giving rise to this claim occurred.

## FACTS

5.

On or about August 13, 2017, Alexis Warren was the operator of a 2007 Ford Fusion, traveling westbound in the middle lane of Interstate 610.

6.

Plaintiff, James Kelly, was a passenger in the vehicle driven by Mrs. Warren at the time of the August 13, 2017 crash.

7.

At the same date and time, Defendant Brain, was driving a 2004 Freightline Centry commercial vehicle (VIN: 1FUJBBCK04LM6911) with an attached box trailer, westbound on I-610 in the right hand merge lane.

8.

Defendant Brain negligently failed to keep a proper lookout and attempted to change from the right lane to the middle lane near the Franklin Avenue exit, causing his vehicle to abruptly enter Plaintiffs' lane of travel and collide with Plaintiffs' vehicle as well as another vehicle which was also being driven in the same lane of travel.

9.

As a result of Defendant Brain colliding with the Warren vehicle, Alexis Warren and James Kelly were violently jolted inside the vehicle.

10.

Defendant Brain was cited by the New Orleans Police Department for improper lane change.

11.

The vehicle being driven by Defendant Brain was owned by ILC, and Defendant Brain was within the course and scope of his employment with ILC, when he crashed into the vehicle containing Plaintiffs.

## FAULT OF GARY BRAIN

12.

The above described August 13, 2017 motor vehicle collision and the resulting injuries to Plaintiffs were caused through the negligence of Defendant Brain, which negligence includes, but is not limited to, the following actions and/or inaction:

a) Disregarded traffic conditions;

b) Gross negligence;

c) Failure to maintain proper control of a vehicle;

d) Failure to maintain a proper lookout and/or being distracted or inattentive;

e) Failure to take all reasonable evasive action to avoid a collision at issue herein;

f) Failure to yield;

g) Failure to properly change lanes;

h) Failure to see what should have been seen;

i) Improper lane usage;

j) Operation of the vehicle in a reckless and/or negligent manner;

k) Acting in violation of the laws of the State of Louisiana and/or the Parish of Orleans, all of which acts may be properly proven at the trial of this matter; and

l) Any and all other acts of negligence or fault which may be proven during the investigation and/or trial of this matter and that violate the laws of Louisiana and/or applicable

13

ordinances which are hereby pleaded and adopted by reference.

## LIABILITY OF ROSSTRANS AND SERVICES, LLC d/b/a ILC LOGISTICS

13.

As a result of the foregoing, and as per applicable Louisiana law including, but not limited to, the Doctrines of Respondeat Superior; negligent entrustment; negligent hiring, training, and supervision; principal and agent; permissive use; vehicle owner with responsibility for maintenance and upkeep; and/or master-servant doctrines, said ILC is a proper party-defendant and is responsible for the negligence and/or liability attributed to Defendant Brain.

## LIABILITY OF BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY

14.

Berkshire, at all times relevant herein, had in full force and effect a policy of liability insurance coverage in favor of defendants, ILC, as owner, and Defendant Brain, as operator of the insured vehicle, for his negligence in connection with the August 13, 2017, motor vehicle collision at issue herein. As a result of the foregoing and as per applicable Louisiana law, ILC, has been named herein as party-defendant, and is answerable and/or responsible for the negligence and/or liability of Defendant Brain and ILC.

## DAMAGES

15.

As a result of said August 13, 2017, motor vehicle collision, Mrs. Alexis Warren suffered personal and bodily injuries including, but not limited to, injuries to her neck and back. All of her damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

16.

Mrs. Alexis Warren's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Brain and his failure to operate his vehicles in a proper, prudent, and safe manner.

17.

As a result of the motor vehicle collision at issue, Mrs. Alexis Warren suffered severe physical and mental injuries as well as inconvenience, entitling her to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Loss of enjoyment of life;

e) Property damage;

f) Past, present, and future lost earnings;

g) Loss of earning capacity; and

h) All damages allowed under Louisiana law which may be proven at the trial of this matter.

18.

As a result of said August 13, 2017, motor vehicle collision, Mr. James Kelly suffered personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

19.

Mr. James Kelly's injuries and damages were directly caused by the negligent acts and

omissions and/or commissions on the part of Defendant Brain and his failure to operate his vehicles in a proper, prudent, and safe manner.

20.

As a result of the motor vehicle collision at issue, Mr. James Kelly suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Loss of enjoyment of life;

e) Property damage;

f) Past, present, and future lost earnings;

g) Loss of earning capacity; and

h) All damages allowed under Louisiana law which may be proven at the trial of this matter.

WHEREFORE, Plaintiffs, Alexis Warren and James Kelly, pray that Defendants, ROSSTRANS AND SERVICES, LLC d/b/a ILC LOGISTICS, LLC, GARY BRAIN AND BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY be served with a copy of this Complaint, and, after being duly summoned to appear and respond thereto, and after the expiration of all legal delays, and due proceedings are had, there be judgment in favor of Plaintiffs and against Defendants in an amount of damages reasonable and found reasonable at trial, including penalties and attorney's fees as allowed by law, together with legal interest thereon, from the date of judicial demand until paid in full, as well as all costs of these proceedings, and all other general and equitable relief.

Respectfully Submitted,

**PANDIT LAW FIRM, LLC**

BY:    */s/ Jason Baer*
**JASON M. BAER (# 31609)**
**CASEY C. DEREUS (# 37096)**
**JOSHUA A. STEIN (# 37885)**
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone: (504) 313-3800
Facsimile: (504) 313-3820
Email: jstein@panditlaw.com
*Counsel for Plaintiffs*

and

**MOTTA LAW, LLC**
**VANESSA MOTTA (#36915)**
525 Clay Street
Kenner, LA 70062
Telephone: (504) 592-3230
Email: vanessa@mottalaw.com
*Counsel for Plaintiff*

**PLEASE SERVE:**

**GARY BRAIN**
Through Louisiana Long arm statute:

1628 Clairmount Street
Detroit, MI 48206

**ROSSTRANS AND SERVICES, LLC, d/b/a ILC LOGISTICS**
Through its registered agent via Louisiana Long Arm Statute:

Ivan Slobodyan
3525 Elizabeth Lake Road, Suite E
Waterford, MI 48328

**BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY**
Through Louisiana Secretary of State:

Louisiana Secretary of State
8585 Archives Avenue Baton
Rouge, LA 70809