UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALEXIS WARREN AND JAMES KELLY | * | CIVIL ACTION NO.: 18-7599 |
| | * | |
| VERSUS | * | DISTRICT JUDGE SARAH S. VANCE |
| | * | |
| ROSSTRANS AND SERVICES, LLC | * | MAGISTRATE JUDGE |
| d/b/a ILC LOGISTICS, GARY BRAIN, | * | DANIEL E. KNOWLES, III |
| AND BERKSHIRE HATHAWAY | * | |
| HOMESTATE INSURANCE COMPANY | * | JURY TRIAL DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER BY BRIAN GARY

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Brian Gary, incorrectly identified as "Gary Brain," and for response to the Complaint (Doc. 1) by Alexis Warren and James Kelly avers as follows:

1.

The allegations of paragraph 1 of the Complaint are denied.

2.

Except as may be otherwise admitted, explained or modified herein, the allegations contained in paragraph 2, including all subparts, of the Complaint are denied.

Further answering, Brian Gary is a resident and domiciliary of Michigan.

3.

Except as may be otherwise admitted, explained or modified herein, the allegations contained in paragraph 3 of the Complaint are denied for lack of information sufficient to justify a belief therein.

Further answering, this Defendant agrees that complete diversity exists between the parties.

4.

The allegations of paragraph 4 of the Complaint are admitted.

5.

The allegations of paragraph 5 of the Complaint are denied for lack of information sufficient to justify a belief therein.

6.

The allegations of paragraph 6 of the Complaint are denied for lack of information sufficient to justify a belief therein.

7.

The allegations of paragraph 7 of the Complaint are denied as written.

Further answering, this Defendant admits that on August 13, 2017, he was operating a 2004 Freightliner Century and traveling westbound on I-610 in the right lane.

8.

The allegations of paragraph 8 of the Complaint are denied.

9.

The allegations of paragraph 9 of the Complaint are denied.

10.

The allegations of paragraph 10 of the Complaint are denied as written.

11.

Except as herein admitted, modified, or otherwise explained, the allegations of paragraph 11 of the Complaint are denied.

Further answering, the vehicle being driven by Brian Gary was owned by Defendant, Rosstrans and Services, LLC d/b/a ILC Logistics.

12.

The allegations of paragraph 12, including all subparts, of the Complaint are denied.

13.

The allegations of paragraph 13 of the Complaint are denied.

14.

Except as herein admitted, modified, or otherwise explained, the allegations of paragraph 14 of the Complaint are denied.

Further answering, at the time of the accident which is the subject matter to this litigation (the "Accident"), Berkshire Hathaway Homestate Insurance Company had in full force and effect Policy Number 02TRM024470-01, with named insured Rosstrans and Services, LLC, and said policy contains many provisions, conditions, limitations, and exclusions and is the best evidence of its contents.

15.

The allegations of paragraph 15 of the Complaint are denied.

16.

The allegations of paragraph 16 of the Complaint are denied.

17.

The allegations of paragraph 17, including all subparts, of the Complaint are denied.

18.

The allegations of paragraph 18 of the Complaint are denied.

19.

The allegations of paragraph 19 of the Complaint are denied.

20.

The allegations of paragraph 20, including all subparts, of the Complaint are denied.

**AFFIRMATIVE DEFENSES**

**AND NOW**, further answering the Plaintiffs' Complaint, this Defendant shows alternatively and affirmatively that:

**FIRST DEFENSE**

This Defendant alleges that the Accident described in the Plaintiffs' Complaint was proximately caused in whole, or alternatively in part, by the negligence or other legal fault of persons or other entities for whom this Defendant is not legally responsible, specifically Plaintiff, Alexis Warren, in the following particulars:

(a) Failing to take proper precaution for her safety and the safety of her passengers;

(b) Causing the Accident; and

(c) Driving recklessly under the circumstances.

which is specifically pled in bar of or in reduction of or in mitigation of the damages claimed by the Plaintiffs herein.

**SECOND DEFENSE**

Alternatively, the sole and/or comparative cause of the Accident is Plaintiff, Alexis Warren, for operating a vehicle within the blind spot of the vehicle driven by Brian Gary, which fault is specifically pled in bar, reduction, and/or mitigation of the damages claimed herein.

**THIRD DEFENSE**

Alternatively, and only in the event this Court finds that this Defendant is legally responsible for the alleged injuries and/or damages claimed by Plaintiffs herein, which is specifically denied, if investigation, discovery, and/or evidence demonstrate that Plaintiffs failed to mitigate their damages, this Defendant pleads failure to mitigate damages as an affirmative defense, which is specifically pled in bar of, in reduction of, or in mitigation of the damages claimed by Plaintiffs herein.

**FOURTH DEFENSE**

Alternatively, to the extent Plaintiffs' alleged injuries or damages were not caused by or related to the alleged Accident, this Defendant pleads lack of causation as an affirmative defense, which is specifically pled in bar of, in reduction of, or in mitigation of the damages claimed by Plaintiffs herein.

**FIFTH DEFENSE**

Alternatively, to the extent all (or alternatively, portions) of Plaintiffs' alleged injuries or damages are the result of pre-existing medical conditions, accident(s), and/or injury(ies) that occurred before the alleged Accident, this Defendant pleads lack of causation as an affirmative defense, which is specifically pled in bar of, in reduction of, or in mitigation of the damages claimed by Plaintiffs herein.

**SIXTH DEFENSE**

Alternatively, to the extent all (or alternatively, portions) of Plaintiffs' alleged injuries or damages are the result of medical conditions, accident(s), and/or injury(ies) that occurred after the alleged Accident, this Defendant pleads lack of causation as an affirmative defense, which is

specifically pled in bar of, in reduction of, or in mitigation of the damages claimed by Plaintiffs herein.

## JURY DEMAND

This Defendant demands a trial by jury to all issues herein.

**WHEREFORE**, Defendant, Brian Gary, prays that this Answer be deemed good and sufficient, and that after due proceedings had in a trial by jury as to all issues, there be judgment herein in favor of this Defendant, rejecting Plaintiffs' demands at Plaintiffs' costs, with prejudice.

Respectfully submitted,

**FAIRCLOTH, MELTON & SOBEL, LLC**

By: *s/ Franklin "Drew" Hoffmann*
    Lottie L. Bash (La. #26186)
    lbash@fairclothlaw.com
    Laura Beth Matthews (La. #33862)
    lmatthews@fairclothlaw.com
    105 Yorktown Drive
    Alexandria, Louisiana 71303
    Phone: (318) 619-7755
    Fax: (318) 619-7744

    Franklin "Drew" Hoffmann (La. #35824)
    dhoffmann@fairclothlaw.com
    412 N. 4th Street, Suite 230
    Baton Rouge, Louisiana 70802
    Phone: (225) 343-9535
    Fax: (225) 343-9538

    **ATTORNEYS FOR DEFENDANT,**
    **BRIAN GARY**

# **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 19, 2018, a copy of the foregoing *Answer by Brian Gary* was filed electronically with the Clerk of Court using the CM/ECF system, which will deliver notice of this filing to all counsel of record.

*s/ Franklin "Drew" Hoffmann*
OF COUNSEL