UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEXIS WARREN, ET AL. | CIVIL ACTION |
| VERSUS | NO. 18-7599 C/W 18-7616 |
| ROSSTRANS & SERVICES, LLC, ET AL. | SECTION "R" (3) |

## **ORDER AND REASONS**

Before the Court are defendants' motions to dismiss plaintiffs Paula Washington, Byron Charles, and Kevisha Washington under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. The Court finds that these plaintiffs failed to serve process on defendants within the 90-day period set by Rule 4(m), and that they failed to adequately prove they served defendants even after this time period expired. But because dismissal of the complaint would in effect be with prejudice, the Court grants these plaintiffs 30 days from the date of this Order to serve defendants and file a valid proof of service into the record.

I.   **BACKGROUND**

This case arises from a motor vehicle accident on Interstate 610.[1]  On August 13, 2017, plaintiffs Paula Washington, Byron Charles, and Kevisha Washington were allegedly traveling westbound in the middle lane in a 2001 Lexus RX3.[2]  Plaintiffs Alexis Warren and James Kelly were also traveling westbound in the middle lane, in a 2007 Ford Fusion.[3]  Defendant Brian Gary[4] was allegedly traveling westbound in the righthand merge lane in a commercial vehicle with an attached box trailer.[5]  Gary was allegedly driving his vehicle in the course and scope of his employment with defendant Rosstrans and Services, LLC d/b/a ILC Logistics.[6]  Plaintiffs allege that Gary negligently merged into their lane without keeping a proper lookout, and collided with each vehicle.[7]  Gary was allegedly assessed a citation by the New Orleans Police Department.[8]

---

[1]   R. Doc. 1 (Case No. 18-7616); R. Doc. 1 (Case No. 18-7599).
[2]   R. Doc. 1 at 3 ¶¶ 5-6 (Case No. 18-7616).
[3]   R. Doc. 1 at 3 ¶¶ 5-6 (Case No. 18-7599).
[4]   Plaintiffs incorrectly state in their complaints that his name is "Gary Brain."
[5]   R. Doc. 1 at 3 ¶ 7 (Case No. 18-7616); R. Doc. 1 at 3 ¶ 7 (Case No. 18-7599).
[6]   R. Doc. 1 at 2 (Case No. 18-7616); R. Doc. 1 at 2 (Case No. 18-7599).
[7]   R. Doc. 1 at 3 ¶ 8 (Case No. 18-7616); R. Doc. 1 at 3 ¶ 8 (Case No. 18-7599).
[8]   R. Doc. 1 at 3 ¶ 10 (Case No. 18-7616); R. Doc. 1 at 3 ¶ 10 (Case No. 18-7599).

On August 10, 2017, Warren and Kelly filed a lawsuit in this Section against Gary, Rosstrans, and defendant Berkshire Hathaway Homestate Insurance Company, the alleged insurer of the vehicle Gary was driving.[9] That same day, Paula Washington, Byron Charles, and Kevisha Washington separately filed a lawsuit against the same defendants before Judge Jay Zainey.[10] The two lawsuits were consolidated on February, 8, 2019 in this Section.[11] Plaintiffs all allege that they were "violently jolted" inside their vehicles, and that they suffered severe physical and mental injuries as a result of the accident.[12] Plaintiffs all claim damages for physical pain and suffering, medical expenses, lost earnings, and loss of earning capacity.[13]

On February 11, 2019, defendants filed separate motions to dismiss the complaint brought by Paula Washington, Byron Charles, and Kevisha Washington (the Motion Plaintiffs).[14] Defendants' motions do not apply to the complaint brought by Warren and Kelly.[15] Defendants claim that the Motion Plaintiffs' complaint should be dismissed for insufficient service of

---

[9] R. Doc. 1 (Case No. 18-7599).
[10] R. Doc. 1 (Case No. 18-7616).
[11] R. Doc. 20 (Case No. 18-7599).
[12] R. Doc. 1 at 3 ¶ 9, 5-8 (Case No. 18-7616); R. Doc. 1 at 3 ¶ 9, 5-7 (Case No. 18-7599).
[13] R. Doc. 1 at 5-8 (Case No. 18-7616); R. Doc. 1 at 5-7 (Case No. 18-7599).
[14] R. Doc. 22; R. Doc. 23.
[15] *Id.*

3

process under Rule 12(b)(5).[16] The Motion Plaintiffs did not file oppositions to defendants' motions.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to dismiss claims against it because of the plaintiff's insufficient service of process under Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 12(b)(5). "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). Under Rule 4, a plaintiff must properly serve a defendant within 90 days after filing the complaint. Fed. R. Civ. P. 4(m). The Rule provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* Under Rule 4(l), the plaintiff must provide proof of service to the court, unless service is otherwise waived. Fed. R. Civ. P. 4(l)(1). This proof must

---

16    *Id.*

4

be in the form of the server's affidavit if service was not completed by the United States Marshal or a deputy marshal. *Id.*

The record shows that the Motion Plaintiffs have not complied with the terms of Rule 4(m) or 4(l). The Motion Plaintiffs did not file into the record a proof of service within the 90-day period set by Rule 4(m). As a result, on November 29, 2018, Judge Zainey ordered the Motion Plaintiffs to "report the status" of their service of process or show cause why defendants should not be dismissed for failure to prosecute.[17] Judge Zainey ordered that this filing be made by January 2, 2019.[18] On December 27, 2018, the Motion Plaintiffs' attorney, Kurt Offner of the law firm Alvendia, Kelly and Demarest, LLC, responded to Judge Zainey's order.[19] Offner stated that he mailed the summons and complaint to each defendant that same day.[20] He attached to his response cover letters that he sent to each defendant along with the summons and complaint.[21] Each cover letter was dated December 27, 2018.[22] Offner's response thus effectively conceded that the Motion Plaintiffs had failed to serve process in accordance with Rule 4(m). Offner

---

[17] R. Doc. 5 (Case No. 18-7616).
[18] *Id.*
[19] R. Doc. 6 (Case No. 18-7616).
[20] *Id.*
[21] R. Doc. 6-1 (Case No. 18-7616); R. Doc. 6-2 (Case No. 18-7616); R. Doc. 6-3 (Case No. 18-7616).
[22] *Id.*

5

did not provide any explanation for the Motion Plaintiffs' delay.  Offner also did not state in his response that he was making his representations under penalty of perjury, so his response was not an affidavit and did not constitute a valid proof of service under Rule 4(l).[23]  *See Starrett v. City of Richardson*, No. 18-191, 2018 WL 4627133, at *4 (N.D. Tex. July 27, 2018) (finding that a supposed "proof of service" did not comply with Rule 4(l) because it was not made under penalty of perjury); *see also Udoinyion v. The Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011) (noting that an unsworn written declaration may be used as evidence under Rule 4(l) "if the writer includes and signs a statement such as, 'I declare under penalty of perjury that the foregoing is true and correct'" (citing 28 U.S.C. § 1746)).  There is thus no competent evidence in the record that the Motion Plaintiffs have ever served defendants properly.

On January 15, 2019, Alvendia, Kelly and Demarest, LLC moved to withdraw as counsel for the Motion Plaintiffs.[24]  Judge Zainey granted the motion.[25]  On March 15, 2019, counsel from the law firm of Quinn Alsterberg, LLC enrolled as counsel for the Motion Plaintiffs.[26]

---

[23] R. Doc. 6 (Case No. 18-7616).
[24] R. Doc. 7 (Case No. 18-7616).
[25] R. Doc. 10 (Case No. 18-7616).
[26] R. Doc. 37 (Case No. 18-7599).

Because the Motion Plaintiffs failed to serve process within 90 days of filing their complaint, the Court must either dismiss the complaint without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). A dismissal without prejudice would in effect bar the Motion Plaintiffs from refiling their complaint. Their complaint is subject to Louisiana's one-year prescriptive period for delictual actions. *See F.D.I.C. v. Barton*, 96 F.3d 128, 133 (5th Cir. 1996). The car accident at the center of this litigation took place on August 13, 2017.[27] The Fifth Circuit has stated that if a dismissal under the discretionary provisions of Rule 4 will likely bar future litigation, the dismissal should "be reviewed under the same heightened standard used to review a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325-26 (5th Cir. 2008) (citing *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976)). Under this heightened standard, dismissal "is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lesser sanction would not better serve the interests of justice.'" *Id.* at 326 (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)). A party's conduct is not "contumacious" if it is merely negligent; instead, contumacious

---

[27] R. Doc. 1 at 3 ¶ 5 (Case No. 18-7616).

conduct is shown by "the stubborn resistance to authority which justifies a dismissal with prejudice." *Id.* at 327 (internal quotation marks omitted).

The Court finds that dismissal is not warranted under these circumstances. The Motion Plaintiffs have not displayed a stubborn resistance to the court's authority. Their counsel responded to Judge Zainey's order by attempting to show that he had served defendants. This attempt was not sufficient to prove service, but his negligent attempt is not enough to justify dismissing the Motion Plaintiffs' complaint. *Id.* And the Motion Plaintiffs' failure to respond to the instant motions is not evidence of contumacious conduct, because they were not represented by counsel from January 15 to March 15, 2019—a period that includes the time their responses to the instant motions were due.[28]

The Court therefore denies defendants' motions. Pursuant to Rule 4(m), the Court orders the Motion Plaintiffs to serve process upon defendants—and file a proof of service into the record consistent with Rule 4(l)—within 30 days of this Order.

---

[28] *See* R. Doc. 22 (Berkshire Hathaway's motion filed on February 11, 2019, and noticing it for submission on February 27, 2019); R. Doc. 23 (same).

## III. CONCLUSION

For the foregoing reasons, defendants' motions are DENIED. The Motion Plaintiffs must serve process on defendants and file a proof of service into the record within 30 days of this Order.

New Orleans, Louisiana, this __6th__ day of May, 2019.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE