UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALEXIS WARREN &** | * | **CIVIL ACTION NO.: 18-7599** |
| **JAMES KELLY** | * | **c/w 18-7616** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE: VITTER** |
| | * | |
| **ROSSTRANS AND SERVICES, d/b/a ILC** | * | |
| **LOGISTICS, GARY BRAIN AND** | * | |
| **BERKSHIRE HATHAWAY HOMESTATE** | * | **MAGISTRATE: DOUGLAS** |
| **INSURANCE COMPANY** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**NOW INTO COURT** through undersigned counsel come plaintiffs Paula Washington, Byron Charles, and Kevisha Washington who submit this Opposition to the Motion to Dismiss Pursuant to Rule 41(B) filed by defendants Brian Gary ("Gary"), RossTrans and Services, LLC d/b/a ILC Logistics ("ILC Logistics"), and Berkshire Hathaway Homestate Insurance Company ("Berkshire"). Defendants seek a dismissal of plaintiffs' Complaint on the grounds that they allegedly failed to comply with the Court's May 6, 2019 Order requiring them to service defendants and file a proof of service within thirty (30) days of the Order. In sum, plaintiffs' properly effected service in **January, 2019,** and have filed an Affidavit of Service reflecting same on this the 8th day of July, 2019. *See* Rec. Doc. No. 52. Accordingly, defendants' motion should be denied.

**FACTS**

On December 27, 2018, plaintiffs' served their Complaints upon defendants while represented by prior counsel, who then withdrew on January 15, 2019. Specifically, plaintiffs served their Complaint upon defendant Berkshire, a foreign insurer licensed to do and doing

1

business in the State of Louisiana, upon the Secretary of State as required by La. Rev. Stat. 13:3472.  Plaintiffs served their Complaint upon defendants Gary and ILC Logistics, both out of state defendants, by registered mail pursuant to the Louisiana long-arm statute.  Record Document No. 52 is the Affidavit of Service of plaintiffs' prior counsel, Kurt Offner, evidencing that service was properly effected, including all relevant documents including proof of mailing.

On February 11, 2019, while plaintiffs were unrepresented by counsel, defendants filed respective motions to dismiss, representing to the Court that they had not been properly served.[1] Defendant Berkshire misrepresented to the Court that service must be made upon the Louisiana Secretary of State "***personally***", and that certified mail therefore constituted insufficient service.[2] Defendants Gary and ILC Logistics argued that because plaintiffs had not filed an Affidavit of Service" as proof of service, and containing the tracking numbers of the certified mail, "as required by La. Rev. Stat. 13:3204", they likewise had not been properly served and dismissal of the Complaint was required.[3]   Because plaintiffs were not represented by counsel during this time, no such opposition was filed and plaintiffs were unable to point out the inaccuracies of the defendants' representations.[4]

On May 6, 2019, the Court issued an Order requiring that "Plaintiffs must serve process on defendants and file a proof of service into the record within 30 days of this Order."[5]  However as will be fully demonstrated below, plaintiffs ***had*** effected service upon defendants *and* filed proof of service *prior* to the May 6, 2019 Order.  Indeed, defendants Gary and ILC Logistics did not even *argue* that they had not been properly served but, rather, merely complained that

---

[1] *See* Rec. Docs. 22, 23, 22-1 and 23-1.
[2] *See* Rec. Docs. 22-1 at pp. 1-2; 23-1 at pp. 1-2.
[3] *See* Rec. Doc. 23-1 at p. 2.  Plaintiffs urge this Court to read La. Rev. Stat. 13:3204, **which requires neither**.
[4] See 5/6/19 Order, Rec. Doc. 46 at p. 8.
[5] *Id.* at 9.

plaintiffs' "proof of service" was deficient because it wasn't titled an "Affidavit of Service" and/or because the record doesn't contain the "tracking numbers."

# LAW

I. *Service Upon Berkshire through Registered Mail to the Louisiana Secretary of State is Proper.*

As admitted by Berkshire, service of plaintiffs' Complaint may be perfected by "following state law for serving a summons". Fed. R. Civ. Proc. 4(e)(1). Pursuant to Louisiana law, service upon a foreign insurer is proper upon the Louisiana Secretary of State. *La. Rev. Stat. 13:3472*. Service of such suit "*may* be made in person on the secretary of state anywhere in the state" (i.e., physically handing a copy of the Complaint to Secretary of State Kyle Adroin) ***or*** **"on the assistant secretary of state, or on some other individual in the office of the secretary of state designated by the latter to receive service of process in his absence**". *La. Rev. Stat. 13:3472*. Defendants conveniently omitted the second clause of the statute, absurdly suggesting that all federal Complaints must be hand-delivered personally to Louisiana Secretary of State Kyle Ardoin.

There is no requirement that service must be made "in person" upon an individual in the Secretary of State's office. Rather, **the Louisiana Secretary of State *expressly* instructs that service of state court petitions *cannot* be mailed but that service of federal court Complaints may be mailed:**

> **HOW DO I SERVE A SUIT?**
>
> **In Louisiana State Court**
>
> The citation must state "(Defendant's Name) through the Louisiana Secretary of State." Service of process filed in any Louisiana state court **cannot be mailed directly to the Secretary of State. To effect proper service, service must be sent to the Sheriff of East Baton Rouge Parish.**

****

**In United States District Court**

Service of process filed in any United States District Court can be *either* personal service **or mailed directly to the Secretary of State,** P.O. Box 94125, Baton Rouge, LA 70804-9125.

*See* https://www.sos.la.gov/BusinessServices/ServiceOfProcess/HowDoIServeASuit/Pages/default.aspx (emphasis added). Thus, service of a federal suit upon someone in the Secretary of State's office **may be made by mail**, and plaintiff's service via registered mail on December 27, 2018 was proper. Defendant Berkshire, being a foreign insurance company licensed to do and doing business in the State of Louisiana, certainly knew this when it represented to the Court otherwise while plaintiffs were unrepresented by counsel.

**II.**     *Alternatively, should this Court deem Service Upon Berkshire Improper, it Should Grant Plaintiff Additional Time to Effect Proper Service.*

Alternatively, if service upon Berkshire *is* deemed improper, which plaintiffs' vehemently dispute, "[t]he 'general rule' is that 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant'." *Collins v. WAFB, LLC*, 16-15648 (E.D. LA 2017). In *Collins*, the court rejected defendant's *second* motion to dismiss, again filed on the grounds that plaintiff failed to properly effect service under Rule 4 for a second time. *Id.* In denying the defendant's second motion, the court observed that while technically deficient, the plaintiff had "clearly evidenced an intent to actively pursue her claims." *Id.* Indeed, **"[d]ismissal is usually disfavored if there is a reasonable prospect that service may yet be obtained**". *Myers v. Dillhon*, 17-CV-0621

4

(W.D. 2018) (emphasis added).  *See also Rhodes v. JP Sauer & Sohn*, 98 F. Supp. 2d 746, 750 (W.D. LA 2000) (citing 5A Wright & Miller, § 1354, at 289-90 ("where the propriety of service is unclear, 'the simplest solution ... is to quash process and allow plaintiff another opportunity to serve defendant'")).   Indeed, this Honorable Court has great discretion in granting additional time to perfect service outside of the 120 days "**even if good cause is not shown… when, for example, the statute of limitations would bar a refiled action**".  *Evans v. Johnson*, CA 16-81 (W.D. LA 2017).

Accordingly, should this Honorable Court find that service upon Berkshire via certified mail to the Louisiana Secretary of State is improper and that plaintiffs instead are required to hand deliver their Complaint to Louisiana Secretary of State Kyle Ardoin "personally" as suggested by defendants, then it should grant plaintiffs additional time to do so.  Defendants' *prior* motion resulting in the Court's May 6, 2019 Order occurred when plaintiffs were unrepresented by counsel, and undersigned counsel did not have an opportunity to respond.  Plaintiffs in good faith believed that service upon Berkshire was proper and that there was nothing further that needed to be done pursuant to the court's May 6, 2019 Order.   Further, while plaintiffs do not concede that their suit would be barred by prescription if this Court were to dismiss the above-captioned action and they had to re-file it, the Court's May 6, 2019 Order indicating that *it* believed plaintiffs would be time-barred if this action were dismissed gives plaintiffs' great concern.   Accordingly, plaintiffs urge this Honorable Court, should it find prior service upon Berkshire insufficient, additional time to effect proper service.

### III. *Failure to Contemporaneously File the Affidavit of Service Does Not Support a Dismissal of the Complaint.*

"Proof of service must be made by the server's affidavit." Fed. R. Civ. Proc. 4(l)(1).[6] Plaintiff's prior counsel which served the Complaint upon defendants through the Louisiana Secretary of State filed a "**Response to Order to Show Cause**", *certifying* to the Court, *under penalty of sanctions*, that he had made service upon defendants, and attaching the evidence thereof. *See* Fed. R. Civ. Proc. 11.   The Court's May 6, 2019 Order deemed this certification under penalty of sanctions insufficient to comply with Fed. R. Civ. Proc. 4(l), because it was not submitted "under penalty of perjury".[7]   However, the federal rules, which do *not* set forth any deadline by which said proof of service must be filed, *expressly* provides that "[f]ailure to prove service **does not affect the validity of service**. **The court may permit proof of service to be amended**." Fed. R. Civ. Proc. 4(l)(3) (emphasis added).  Accordingly, any deficiencies with prior counsel's "proof of service" *does not affect the validity of service*, **and may be cured by an amendment.**

Thus, federal courts *uniformly* recognize that a plaintiff's Complaint may **not** be dismissed for deficiencies in the proof of service. *See e.g. Colony Ins. Co. v. Ropers of Hattiesburg*, 2:11cv3KS-MTP (S.D. MS Hattiesburg Div., 2011).  In *Colony*, the defendant moved to dismiss the plaintiff's Complaint because of mistakes in the proof of service.  In denying the defendant's motion, the court explained:

> **First, Rule 4 provides that 'Failure to prove service does not affect the validity of service.' Fed. R. Civ. P. 4(l)(3).** Two leading treatises have recognized that the Rule means what it says. *See* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1130 (3d ed. 2010) ("This provision prevents a defendant who has been properly served from attacking the

---

[6] For clarification, the foregoing citation is to Fed. Rule 4 "L" (1).  Undersigned counsel's keyboard produces the same character for a small letter "L" as for the numeral "1" which appears confusing.
[7] *See* Order, Rec. Doc. 46 at p. 6.

> validity of service on the technical ground of the process server's failure to make return in timely fashion or because the return is deficient in some way."); Mary P. Squiers, *Moore's Federal Practice* § 4.104 (3d ed. 2010) ('Service of process, if otherwise properly executed, will not be rendered defective if plaintiff fails to file proof of service with the court.'). Courts have also taken notice of Rule 4(l)(3)'s clear meaning. *See, e.g., Leal v. Computershare,* 2010 WL 4038609, at *3 (D. Nev. Sept. 28, 2010) (failure to file affidavit of service irrelevant in light of Rule 4(l)(3); *Stephens v. Ga. Dep't of Transp.,* 2009 WL 3747167, at *3 (M.D. Ga. Nov. 4, 2009) ("**filing of the proof of service is merely a ministerial act and . . . the failure to timely file . . . proof does not operate to extinguish a cause of action**"); *Worrell v. Houston Can! Academy,* 2008 WL 818333, at *2 (S.D. Tex. Mar. 25, 2008) (dismissing argument that "Plaintiff's proof of service was not made by affidavit" pursuant to Rule 4(l)(3)).

*Id.* (emphasis added). Finding that the defendant was "in no way prejudiced" by the deficiency in the proof of service, the court admonished that "**Defendants 'should not be permitted to take advantage of a mere misnomer that injured no one**'." *Id.* (emphasis added) (citing *Estate of White v. Hartford Life & Accid. Ins. Co.,* 2007 WL 7217079, at *2 (S.D. Tex. Oct. 11, 2007) (quoting *Grandey v. Pacific Indem. Co.,* 217 F.2d 27, 29 (5th Cir. 1954).

Indeed, "[t]he general attitude of the federal courts is that **the provisions of Federal Rule 4 should be liberally construed in the interest of doing substantial justice**". *Fianola v. Proteous Services, LLC*, A-14-CV-489-LY, (W.D. Tx. 2014) (emphasis added) (citing 3 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1083 (3d. ed. Supp. 2014)). In *Fianola,* the defendants similarly sought dismissal of the plaintiff's suit on the grounds that plaintiffs failed to comply with the technical requirements for the proof of service. *Id.* While the court acknowledged that the plaintiffs' proof of service was deficient, the court *denied* the defendants' motion, advising:

> **The purpose of citation is to give the court proper jurisdiction over the parties and to provide notice to the defendant** that he has been sued, and by whom and for what, **so that due process will be served and he will have an opportunity to appear and defend the action**. *** As long as the record as a whole, including the petition, citation, and return, shows that the citation was

> served on the defendant in the suit, service of process will not be invalidated. Federal courts take a similar view of service requirements [and t]he general attitude of the federal courts is that the provisions of **Federal Rule 4 should be liberally construed in the interest of doing substantial justice**. . . . [This is consistent] with the modern conception of service of process as primarily a notice-giving device….

*Id. See also ATN Industries, Inc. v. Gross*, 4:14-CV-02743 (S.D. TX 2016) (denying defendants' motion to dismiss for improper service under Rule 4, because "[t]he Fifth Circuit has rejected dismissals expressly adopting a relaxed standard with regard to serving a defendant abroad").

Likewise, in the above-captioned action, defendants *all* received notice of the Complaint; they have not been prejudiced by prior counsel's failure to certify "under penalty of perjury" in his proof of service. Defendants should "not be permitted to take advantage" of a mistake that "injured no one" - particularly during a period when plaintiffs were unrepresented by counsel. Undersigned counsel has already filed a proper Affidavit of service to correct this deficiency, which was merely technical in nature. Nevertheless, in the event this Honorable Court still believes that deficiencies exist, which plaintiffs believe they have cured, this Court should allow plaintiffs' time to amend their proof of service to cure any further technical deficiencies.

## **CONCLUSION**

At thus juncture, service was performed properly and plaintiffs have cured any technical difficulties. As such, and pursuant to the well-settled authority set forth herein, Defendants' Motion should be denied and Defendants' should be ordered to answer plaintiffs' Complaint forthwith such that this matter can proceed forward with expediency.

Respectfully submitted:

QUINN ALSTERBERG, LLC

*s:// Justin E. Alsterberg*
JULIE QUINN (#21923)
JUSTIN E. ALSTERBERG (#31015)
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 522-5607
Facsimile: (504) 302-9360

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 8th day of July, 2019, I filed a copy of the instant pleading with the Court's CMECF system, which will serve a copy on all counsel of record.

*s:// Justin E. Alsterberg*